IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
  v.

JENNIFER DERAMUS,
  Defendant.

CRIMINAL ACTION NO.
1:20-CR-220-SDG-RDC-2

## NON-FINAL REPORT AND RECOMMENDATION

This criminal case is before the Court on Defendant Jennifer Deramus' Motion to Dismiss Count Four as Multiplicitous. [Doc. 71]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

### I.  Background

The charges in this case stem from an alleged conspiracy to distribute methamphetamine. [Doc. 21 (First Superceding Indictment)].  According to the Government, Ms. Deramus was visiting with Mr. Julius Stoudemire, an inmate incarcerated at the United States Penitentiary in Atlanta, on June 2, 2019. [Doc. 71 at 1-2].  Prison officials discovered a container near the area where the two were

sitting during their social visit.  The officials later confirmed methamphetamine and marijuana were concealed inside the container. *Id.*

Ms. Deramus and Mr. Stoudemire were subsequently indicted by a  federal grand jury and charged with the following offenses.  In Count One, both co-defendants were charged with conspiring to possess at least 5 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).[Doc. 21].  Ms. Deramus was charged in Count Two with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  In Count Three, she was charged with violating 18 U.S.C. §§1791(a)(1) and (b)(1) which proscribe providing prohibited objects to a prison inmate or attempting to do so "in violation of a statute, and a rule and order issued under a statute."  Both co-defendants were charged in Count Four pursuant to 18 U.S.C  §§ 1791(a)(2) and (b)(1) with attempting to obtain the aforementioned methamphetamine; Ms. Deramus was alleged to have aided and abetted Mr. Stoudemire in violation of 18 U.S.C. §2.  In the final Count, Ms. Deramus was charged with submitting a false writing in violation of 18 U.S.C. § 1001 (a)(3) based on the visitor's form she completed prior to her visit with Mr. Stoudemire.  All of these offenses were alleged to have occurred on the same day - June 2, 2019. *Id.*

On January 28, 2021, Ms. Deramus moved to dismiss Count Four, contending that it is multiplicitous because Counts Three and Four charge her "with

the exact same crime" under the same statute based on "exactly the same alleged facts." [Doc. 71 at 1].  Thus, she submits that she is being subjected to "double punishment" and will suffer prejudice at trial if required to defend both charges. *Id.* The Government filed a response opposing this motion. [Doc. 76].  It avers that the counts are not multiplicitous because "each requires an element that the other does not." *Id.*  In reliance on Supreme Court precedent – *Blockburger v. United States*, 284 U.S. 229 (1932) - the Government argues that the motion should be denied. [Doc. 76 at 2]. Ms. Deramus did not file a reply in response to the Government's pleading. Therefore, her motion is ripe for adjudication.

## II.   Legal Authority

The Double Jeopardy Clause prohibits multiple punishments for the same offense.  *United States v. Bobb*, 577 F.3d 1366, 1371(11th Cir. 2009).  "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d  1235, 1241  (11th Cir. 2008) (citing *Ward v. United States*, 694 F.2d 654 (11th Cir. 1983)).  "A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also 'prejudice[s] the defendant and confuse[s] the jury by suggesting that not one but several crimes have been committed.'" *Id.* (alterations in original) (quoting *United States v.*

*Hearod*, 499 F.2d 1003, 1005 (5th Cir. 1974) (per curiam)). [1]   "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature …intended that each violation be a separate offense." *United States v. Davis,* 854 F.3d 1276, 1286 (11th Cir. 2017)(quotation marks omitted). If congressional intent is unclear, this Court must apply the Supreme Court's test in *Blockburger.*  See *United States v. Cannon*, 987 F.3d 924, 940 (11th Cir. 2021).  In applying this test, the Court need only examine the elements of each offense, except in "a few specific circumstances" that are not applicable in the instant case. *Id*.; *United States v. Hassoun*, 476 F.3d 1181 (11th Cir. 2007).  Because neither party has identified anything in the applicable statutes or legislative history that establishes Congress' intent regarding separate or cumulative punishments, this Court must examine the elements of the two charged offenses pursuant to *Blockburger. Cannon,* 987 F.3d at 940.

In *Blockburger,* the Supreme Court recognized that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger*,

---

[1]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

284 U.S. at 304. "[T]he proper focus is on the statutory elements of the two crimes." *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1994) (citing *Brown v. Ohio*, 432 U.S. 161,164 (1977)).  Thus, "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes." *Id*. (citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

## III.   Discussion

Turning to the purported multiplicity between the charges described in Counts Three and Four – §1791(a)(1) (Providing Contraband to a Federal Prisoner) and §1791(a)(2)( Possession of Contraband by a Federal Prisoner) - those offenses require different elements.  To convict a defendant  pursuant to §1791(a)(1), the Government must prove beyond a reasonable doubt that she (1) knowingly provided or attempted to provide, (2) a prohibited object, (3) to an inmate detained in a federal prison or correctional institution.  *See* Eleventh Circuit Pattern Jury Instruction O68.1.  In order to convict a defendant under §1791(a)(2), the Government must prove beyond a reasonable doubt that the defendant was (1) an inmate in a federal prison or correctional facility, (2) that  she  knowingly  made, possessed or acquired, (3) a forbidden object.  *See* Eleventh Circuit Pattern Jury Instruction O68.2.  As noted by the Government, while a violation of §1791(a)(1) requires proof that the transferee of the prohibited object was a federal inmate,  that is not an element needed to sustain

a violation of §1791(a)(2). [Doc. 76 at 3-4]; *United States v. Gonzalez*, 244 Fed. App'x 316 (11th Cir. 2007). Moreover, the Eleventh Circuit has previously held that convictions under §1791(a)(1) and § 1791(a)(2) each require proof of an additional fact not required by the other subsection. *Gonzalez*, 244 Fed. App'x at 320.[2] Thus, convictions under both subsections would not violate the Double Jeopardy Clause.

Despite *Blockburger* and its progeny, Ms. Deramus maintains that dismissal of Count Four is required because the facts supporting both charges including "bringing the drugs into the prison and attempting to convey them to the co-defendant…cannot logically or legally be separated into separate counts." [Doc. 71 at 4]. However, in applying the *Blockbuger* test, this Court's review is limited to an examination of the elements of the offenses, not "the facts alleged in the indictment to support the counts nor the 'practical significance' of the theories alleged for each count." *Hassoun*, 476 F.3d at 1186. Because the offenses charged in Counts Three and Four require "proof of a fact the other does not, the *Blockburger* test is satisfied," and the counts are not multiplicitous. *Cannon,* 987 F.3d at 940. See Also, *United States v. Mulherin*, 710 F.2d 731, 740 (11th Cir. 1983)("That much of the same evidence served 'double duty' in proving the two [conspiracy] offenses charged is of no consequence.")

---

[2]   Although the Eleventh Circuit's analysis in *Gonzalez* involved the defendant's claim that his indictment was duplicitous rather than multiplicitous, the court's application of the *Blockburger* test is instructive in the instance case.

IV.   **Conclusion**

Based on the foregoing reasons, the undesigned **RECOMMENDS** that Ms. Deramus' Motion to Dismiss Count Four [Doc. 71] be **DENIED**.

Having now addressed all referred pretrial matters relating to Ms. Deramus and having not been advised of any impediments to the scheduling of a trial as to her, this case is **CERTIFIED READY FOR TRIAL** as to Ms. Deramus.

**IT IS SO RECOMMENDED** this 31st day of March 2021.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE