IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JENNIFER DERAMUS A/K/A JENNIFER SLAUGHTER | Criminal Action No.<br><br>1:20-CR-220-SDG |

**UNITED STATES' BRIEF IN SUPPORT OF MODIFIED
PROPOSED REQUESTS TO CHARGE AND SPECIAL VERDICT FORM**

After reviewing the Parties' Requests to Charge [DE 132] and Proposed Verdict Form [DE 126] in light of co-defendant Julius Stoudemire's guilty plea, the United States respectfully submits modified Requests to Charge 22 and 23 (attached as Exhibits 1 and 2, respectively) and a modified proposed Special Verdict Form (with modifications to Questions 3 and 4) (attached as Exhibit 3). The modifications are necessary to comply with the statutory language and structure of Title 18, United States Code, Section 1791 and with *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

**Argument**

**I.  The Jury Charges Should be Modified to Comply With 18 U.S.C. § 1791.**

The United States' proposed modifications to Requests to Charge 22 and 23[1] supply the jury with the complete definition of "prohibited object" in Title 18,

---

[1] The United States has proposed two additional modifications to Request to Charge 23. The first changes the term "forbidden object" to "prohibited object." This change is necessary to avoid jury confusion because Section 1791 does not use the term "forbidden object." The second clarifies that Defendant Deramus is charged in Count Four with aiding and abetting and adds the element that the jury must conclude that Defendant Deramus aided and abetted Julius Stoudemire's attempt to obtain the prohibited object.

United States Code, Section 1791. This change is necessary to comply with Section 1791's text and structure, which require the United States to prove that the defendant knowingly attempted to provide or attempted to obtain a prohibited object, but do not require the United States to prove the defendant's knowledge of the specific prohibited object involved. The prior requests to charge would incorrectly instruct the jury that they can return a guilty verdict only if they conclude that Defendant Deramus knew the prohibited object involved was methamphetamine, because the request limit the definition of "prohibited object" to methamphetamine only. The modified proposed charges, consistent with Section 1791, provide the jury with the complete definition of "prohibited object" so that the jury may properly determine whether Defendant Deramus knowingly provided or attempted to provide any prohibited object to Stoudemire.

Under Section 1791, subsection (a) defines the offense and subsection (b) defines the punishment. Thus, for example, subsection (a)(1) makes it a crime to, "in violation of a statute or a rule or order issued under a statute, provide[] to an inmate of a prison a prohibited object, or attempt[] to do so." 18 U.S.C. § 1791(a)(1). Subsection (b), meanwhile, specifies different statutory maximums that apply depending on the type of "prohibited object" involved in the offense. 18 U.S.C. § 1791(b).

Section 1791's structure is similar to the structure of Title 21, United States Code, Section 841. Section 841, like Section 1791, defines the offense – possession with intent to distribute a controlled substance – in subsection (a) and specifies the punishment, which is based on the type and quantity of the controlled substance, in subsection (b). As the Eleventh Circuit has explained, "[t]he § 841(a) offense is

complete once the person commits the proscribed act and knows that the substance is a 'controlled substance.'" *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012). Then, Section 841(b) specifies penalties that apply based on the drug type and quantity involved in the offense. *Id.* at 1309-10. Importantly, though, "[a]lthough the jury must determine the quantity and type of drug involved, nothing in the statute, the Constitution, or *Apprendi* requires the government to prove that the defendant had *knowledge* of the particular drug type or quantity for which a sentence is enhanced under § 841(b)." *Id.* at 1310 (emphasis in original); *see also United States v. Colston*, 4 F.4th 1179, 1187-88 (11th Cir. 2021) (explaining that "the only things that matter for § 841(b) are the type and quantity of the substance; whether the defendant was specifically aware of those facts is irrelevant").

The same is true under Section 1791. Under Section 1791(a), a defendant must knowingly provide or attempt to provide a prohibited object or attempt to receive a prohibited object. But, as with the specific identity of a controlled substance under Section 841, a defendant who violates Section 1791(a) need not know the specific identity of the prohibited object. In other words, the knowledge requirement applies only to the possession of a prohibited object, not the specific category or identity of the prohibited object.

A recent decision is directly on point and held that a defendant violates Section 1791(a)(1) when she knowingly provides *any* prohibited object to an inmate, regardless of whether she knows what the prohibited object actually is. *United States v. Johnson*, No. 16-cr-00571, 2019 WL 1515008, at *5 (N.D. Ill. Apr. 8, 2019). In *Johnson*, the defendant was caught giving an inmate a balloon that was

later found to contain tobacco and cocaine. *Id*. at *1. While the defendant admitted that she gave the inmate the balloon, she claimed she believed that the balloon contained only tobacco. *Id*. The court determined the legal issue – "whether the *mens rea* requirement extends to knowledge of the particular category of prohibited object provided" – to be one of first impression. *Id*. at *2. Analyzing the statute's text, the court explained that because "prohibited object" is defined in a separate subsection from the elements of the offense conduct, "the precise category of object is not an element of the offense." *Id*. at *3. Thus, the court concluded, "the only required knowledge is the individual's knowledge that she possesses a prohibited object" and "[t]here is no basis for extending the *mens rea* requirement any further." *Id*. (explaining that "[k]nowingly providing a prison inmate any prohibited object is undoubtedly wrongful conduct and declining to apply the mental state requirement to the exact category of object provided does not raise the risk of criminalizing otherwise innocent conduct"). For that reason, the court held that "[t]he offense is . . . complete as soon as the individual has knowingly provided ***any*** prohibited object to a prison inmate and the individual is subject to punishment as provided in subsection (b)." *Id*. (emphasis in original) ("Only after the offense conduct is established does the type of object come into play.").[2]

---

[2] The court also noted that it found support for its reading in interpretations of Section 841's similar structure. *Johnson*, 2019 WL 1515008, at *3-4. And the court rejected any alleged unfairness in punishing a defendant on the basis of a specific prohibited item she did not know she possessed. Instead, the court recognized the unique environment (prison) in which the statute is designed to operate and Congress's decision to place the risk of mistaken knowledge as to the identity of a prohibited object on the person who knowingly provides it. *Id*. at *4.

Section 1791(a), by its terms, requires the United States to prove only that Defendant Deramus knowingly attempted to provide a prohibited object, *not* that she knew the prohibited object was methamphetamine. For that reason, the jury must be instructed as to the definition of "prohibited object" so that it can determine whether Defendant Deramus knowingly attempted to provide a "prohibited object." Limiting "prohibited object" to include only methamphetamine would incorrectly require the jury to consider whether Defendant Deramus knowingly attempted to provide methamphetamine.

## II. The Special Verdict Form Should be Modified to Comply with *Apprendi*.

The United States has modified the Proposed Special Verdict Form to add questions 3(a) and 4(a), which ask the jury to state whether it finds beyond a reasonable doubt that the prohibited object associated with the violations of Section 1791 as charged in Counts 3 and 4 was methamphetamine.[3] These modifications are necessary to comply with *Apprendi*.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490; *see also Sanders*, 668 F.3d at 1309-10 (recognizing that enhanced statutory maximum penalties in Section 841(b) "cannot apply unless the jury determines the drug type and quantity involved in the overall drug conspiracy offense"). Under Section 1791(b), the statutory maximum that applies to a violation of Section

---

[3] The Proposed Special Verdict Form also corrects grammatical errors in Questions 1(a) and 2(a) (changing ". . . and salts of its isomers" to ". . . or salts of its isomers") and clarifies that Count 3 charges Defendant Deramus with attempting to provide contraband.

1791(a) depends on the type of prohibited object involved in the offense. Thus, to satisfy *Apprendi*'s requirement, the jury must find the identity of the prohibited object beyond a reasonable doubt. *See, e.g., United States v. Gonzalez*, 461 F. App'x 34, 38 (2d Cir. 2012) (district court properly submitted special verdict form that required jury to find what the prohibited object was); *United States v. Robinson*, 337 F. App'x 368, 370 (4th Cir. 2009) (jury instruction regarding Section 1791 that did not require jury to find identity of prohibited object was error, though harmless).

## Conclusion

For these reasons, the United States respectfully requests that the Court modify the jury instructions and special verdict form to comply with *Apprendi* and with the requirements of Title 18, United States Code, Section 1791.

Dated: November 7, 2021   Respectfully submitted,

/s/ Tal C. Chaiken_____
Tal C. Chaiken
   *Assistant United States Attorney*
Georgia Bar No. 273949

Phyllis Clerk
   *Assistant United States Attorney*
Georgia Bar No. 095325

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

      Colin Garrett, counsel for Jennifer Deramus

November 7, 2021

                                  /s/ TAL C. CHAIKEN

                                  TAL C. CHAIKEN

                                  *Assistant United States Attorney*