IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

versus

Jennifer Deramus.

Criminal Action Number
1:20-CR-220-SDG

## Defense Objections to Government's Modified Proposed Requests to Charge and Special Verdict Form

Presented with new evidence of Ms. Deramus's actual innocence, instead of following the prosecutor's creed of not proceeding with a case in which there is not proof beyond a reasonable doubt, the Government instead seeks to change the law to fit the evidence. The Government's requested modified jury charges and special verdict form would amount to nothing less than a wholesale rewriting of the indictment and the law. The Court should deny the requests.

I.   The Government's requests would constructively amend the indictment

The first superseding indictment charges Ms. Deramus in Counts 3 and 4 with providing and attempting to provide methamphetamine to Mr. Stoudemire, in violation of 18 U.S.C. §§ 1791(a)(1) and (b)(1). (Doc.

1

21 at 2-3). Section 1791(b)(1) provides that punishment for a violation is "imprisonment for not more than 20 years . . . if the object is specified in subsection (d)(1)(C)". Subsection (d)(1)(C) in turn defines "prohibited object" to include "a narcotic drug, methamphetamine, its salts, isomers, and salts of its isomers, lysergic acid diethylamide, or phencyclidine".

The different subsections of Section 1791(b) describe different crimes, not merely different sentencing factors for the court to apply at sentencing. As the Third and Seventh Circuits (the only ones which have addressed the issue, it appears) have found, the different subsections are not lesser included offenses of each other, because they are based on mutually exclusive categories of types of contraband. *United States v. Holmes*, 607 F.3d 332, 335–36 (3d Cir. 2010); *United States v. Dent*, 39 F. App'x 398, 401 (7th Cir. 2002). Even the catch-all category of other contraband described in Section 1791(d)(1) ("any other object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual") is not a lesser included, because it only covers "any *other* object," in other words, any object not already described by any of the preceding subsections. *Id.*

Because the different subsections of Section 1791(b) describe different crimes, to charge Ms. Deramus under subsection (b)(1) for methamphetamine, and then instruct the jury that they can convict her for another crime under a different subsection, would constructively amend the indictment in violation of her Fifth Amendment right to indictment. *Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Cancelliere,* 69 F.3d 1116 (11th Cir. 1995) (convictions reversed where indictment redacted mid-trial to change the *mens rea*).

II.   The Government's requests are contrary to the Eleventh Circuit Pattern Jury Instructions

The pattern instructions for Section 1791 (previously requested without modification by the Government (Doc. 124)) direct the Court to instruct the jury that, "A 'forbidden object' is [describe the relevant object as enumerated in subsection (d)(1) of the statute]." Here, that would read, "A 'forbidden object' is methamphetamine." The substitute paragraph requested by the Government simply discards the instruction's requirement that the charge language track the statute and the indictment.

The requested change also is inconsistent with the pattern instruction's requirement that the Government prove that the defendant "knowingly" provided or attempted to provide the methamphetamine. Instructions O68.1 and O68.2 contain no special definition of "knowingly," which thus is defined by reference to Instruction B9.1A: "The word 'knowingly' means that an act was done voluntarily and intentionally and not because of a mistake or by accident." Read together, this requires that the government prove that Ms. Deramus knew she package contained methamphetamine, exactly as charged in the indictment.

By contrast, the pattern instruction for a charge under 21 U.S.C. § 841, specifically says:

> The Defendant "knowingly" possessed the controlled substance if (1) the Defendant knew [he][she] possessed a substance listed on the federal schedules of controlled substances, even if the Defendant did not know the identity of the substance, or (2) the Defendant knew the identity of the substance [he][she] possessed, even if the Defendant did not know the substance was listed on the federal schedules of controlled substances.

Eleventh Circuit Pattern Criminal Instruction O98 (2020). The Government argues that a similar general-knowledge-is-good-enough

definition should be imported into the instructions for Section 1791, but the Eleventh Circuit clearly knows how to include such an instruction where it accurately reflects the law, and deliberately did not do so for O68.1 and O68.2.

Similarly, the Eleventh Circuit knows how to direct the trial court to use a special verdict form to comply with *Apprendi*, but did not do so here. For example, pattern instructions O35.2 et seq. for a charged violation of 18 U.S.C. § 924(c) set out a special verdict form which allows the jurors to make findings regarding facts which would trigger enhanced punishment under the statute. Likewise, pattern instruction O98 for a charged violation of 21 U.S.C. § 841 sets out a special verdict form which allows the jurors to make findings regarding the type and quantity of drugs required for enhanced penalty provisions under § 841(b)(1). The pattern instruction for Section 1791 does not include a special verdict form precisely because the different subsections set out different crimes, and are not mere sentencing factors.

Ms. Deramus is charged specifically and only with attempting to provide methamphetamine to Mr. Stoudemire, and the jury must be

instructed accordingly, in keeping with the Constitution, the law and

the pattern jury instructions. The Court should deny the Government's

requests.


   Dated:  This 8th day of November, 2021.

                              Respectfully submitted,

                              s/ Colin Garrett
                              State Bar No: 141751
                              Attorney for Jennifer Deramus

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 688-7530
Colin_Garrett@fd.org